IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 07 2007

JAMES N. HATTEN
By: _____ Deputy Clerk

MARK HENRY ROY, a Minor, by his
Father and Next Friend, SONY
ROY, and SONY ROY,
Individually,

    Plaintiffs,

v.

FULTON COUNTY SCHOOL DISTRICT,
VICKI DENMARK, Individually and
in her capacity as Area
Superintendent, RONALD C.
TESCH, Individually and in his
capacity as Principal, JERI
GROVES, Individually and in her
capacity as Assistant
Principal, NATALIE S. FORBES,
Individually and in her
capacity as School Resource
Officer, and LARRY MCCOLLEY,
Individually and in his
capacity as School Resource
Officer,

    Defendants.

CIVIL ACTION NO.

1:06-CV-0886-JEC

## **O R D E R   &   O P I N I O N**

This case is presently before the Court on defendant Fulton County School District's Motion to Dismiss for Failure to State a Claim [5], Individual School District Defendants' Motion to Dismiss for Failure to State a Claim and for More Definite Statement [7], plaintiffs' First Motion to Amend Complaint [8], Fulton County School District's Motion to Dismiss Amended Complaint [11], Individual

AO 72A
(Rev.8/82)

School District Defendants' Motion to Dismiss Amended Complaint [12], defendants' Motion for Leave to File Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend [13], and plaintiffs' Second Motion to Amend Complaint [14]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant Fulton County School District's Motion to Dismiss for Failure to State a Claim [5] should be **DENIED**, Individual School District Defendants' Motion to Dismiss for Failure to State a Claim and for More Definite Statement [7] should be **GRANTED in part** and **DENIED in part**, plaintiffs' First Motion to Amend Complaint [8] should be **GRANTED**, Fulton County School District's Motion to Dismiss Amended Complaint [11] should be **DENIED**, Individual School District Defendants' Motion to Dismiss Amended Complaint [12] should be **GRANTED in part** and **DENIED in part**, defendants' Motion for Leave to File Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend [13] should be **GRANTED**, and plaintiffs' Second Motion to Amend Complaint [14] should be **GRANTED**.

### BACKGROUND

This case involves defendants' investigation and suspension of plaintiff Mark Henry Roy from Milton High School, in the Fulton County School District, in November of 2005. (Compl. [1].) On November 3, 2005, school officials received a report that Mark, a

10th grade student, had stolen an MP3 player from another student's locker and attempted to sell it. (*Id.* at ¶¶ 13, 19.) Defendant Groves, the Assistant Principal of Milton High School, and defendants Forbes and McColley, the school's resource officers, investigated the report. (*Id.* at ¶¶ 18, 19.) According to the allegations in plaintiffs' Complaint, the investigation included interviewing other students, discussing the allegations with Mark and taking his written statement, and searching Mark's locker. (*Id.* at ¶¶ 19-23.)

The first person the investigators questioned about the stolen MP3 player was another student who was allegedly involved in the theft. (*Id.* at ¶ 16.) This student, who plaintiffs describe in their Amended Complaint as "J.B., a white male," told investigators that he and Mark stole the MP3 player together after going from locker to locker. (Compl. [1] at ¶¶ 16, 19; Second Am. Compl. [14] at ¶ 32.) J.B. said that Mark then sold the MP3 player to another student for $40.00. (Second Am. Compl. [14] at ¶ 32.)

After speaking with J.B., the investigators questioned Mark about the theft. (Compl. [1] at ¶ 23 and Ex. 3.) When Mark denied the allegations, defendant Groves decided to search his locker. (*Id.* at ¶ 20.) Her search revealed a dead cell phone that did not appear to belong to Mark. (*Id.*) Defendant Groves and the other investigators concluded that the cell phone had been stolen from North Western Middle School. (*Id.*)

3

Following the locker search, the investigators questioned Mark a second time about the stolen MP3 player. (*Id.* at Ex. 3.) At some point during their questioning, the investigators obtained Mark's written statement. (Second Am. Compl. [14] at Ex. A.) Mark admitted in his statement that, on the preceding day, a friend had given him an MP3 player and told him to sell it. (*Id.*) He further admitted that he had attempted to sell the MP3 player to another friend for $40.00. (*Id.*) He claimed, however, that he did not steal the MP3 player, and did not know that it was stolen. (*Id.*)

Based on the above information, the investigators concluded that Mark had violated a provision in the school's disciplinary code prohibiting theft of private property. (*Id.* at ¶¶ 39-42.) Defendant Groves called plaintiff Sony Roy, Mark's father, and informed him about the MP3 incident. (Second Am. Compl. [14] at ¶ 22.) Mr. Roy came to the school that afternoon and had a lengthy discussion with the investigators. (Compl. [1] at ¶¶ 13-27.) At the end of their discussion, Groves informed Mr. Roy that she had decided to suspend Mark for eight days. (*Id.* at ¶ 26.) The next day, Groves sent Mr. Roy a letter confirming her decision. (*Id.* at ¶ 29 and Ex. 1.)

After discussing the incident with his son, Mr. Roy became convinced that Mark had been falsely accused of stealing the MP3 player. (*Id.* at ¶ 46 and Exs. 3,7.) He notified defendant Tesch, the Principal of Milton High School, that he wished to appeal the

4

suspension. (*Id.* at ¶ 30 and Ex. 2.) He also complained about the suspension to defendant Denmark, Area Superintendent for the Fulton County School District. (Compl. [1] at ¶ 31 and Ex. 13.) Tesch sent Mr. Roy a letter explaining that, based on his review, the investigation was properly conducted and the penalty was appropriate. (*Id.* at ¶ 32 and Ex. 4.) Denmark similarly responded that the school had "carefully and fairly investigated the incident" and that "a decision was made to suspend Mark based on the evidence and the school system's discipline code." (*Id.* at ¶ 43 and Ex. 14.)

Plaintiffs subsequently filed this action against the Fulton County School District, and all of the individuals involved in investigating and suspending Mark. (Compl. [1].) In their Complaint, plaintiffs allege that defendants' investigation and decision to suspend Mark violated his constitutional rights. (*Id.* at ¶¶ 47-63.) Plaintiffs assert claims against the School District, and the individual defendants involved in the incident, under 42 U.S.C. § 1983. (*Id.*)

The School District and the individual defendants have filed motions to dismiss plaintiffs' Complaint for failure to state a claim. (Def. Fulton County's Mots. to Dismiss [5], [11]; Individual Defs.' Mots. to Dismiss [7], [12].) In response, plaintiffs have submitted two proposed Amended Complaints in an attempt to correct any pleading deficiencies. (First Am. Compl. [8]; Second Am. Compl.

5

[14].) Defendants' motions to dismiss, and plaintiffs' motions to amend, are currently before the Court.

## DISCUSSION

### I. Plaintiffs' Motions to Amend

Plaintiffs have filed two motions to amend their original complaint pursuant to Federal Rule 15(a). (Pls.' Mots. to Amend [8], [14].) Rule 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court . . . ; and leave shall be freely given when justice so requires.

FED. R. CIV. P. 15(a).

Defendants have not filed an Answer or other responsive pleading to plaintiffs' Complaint. *See Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)(noting that a motion to dismiss is not a "responsive pleading" for Rule 15 purposes). As plaintiffs' first amendment is permitted as a matter of course under Rule 15, their first Motion to Amend [8] is **GRANTED**.

Plaintiffs must obtain leave to amend their Complaint a second time. FED. R. CIV. P. 15(a). Rule 15 instructs that "leave shall be freely given when justice so requires." *Id.* Courts therefore generally grant leave to amend unless there is a substantial reason to deny it, such as "undue delay, undue prejudice to defendants, [or] futility." *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th

6

Cir. 2004); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

There is no reason to deny leave to amend in this case. There clearly has been no undue delay, and defendants do not argue that they will be prejudiced by the amendment.[1] Accordingly, plaintiffs' Second Motion to Amend [14] is **GRANTED**.

## II.  Defendants' Motions to Dismiss

### A.  Standard for Dismissal Under Rule 12(b)(6)

Defendants have moved for dismissal pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Defs.' Mots. to Dismiss [5], [7], [11], [12].) In ruling on defendants' motions, the Court must assume plaintiffs' allegations are true, and construe all facts and inferences in the manner most favorable to plaintiffs. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). Dismissal is only appropriate if plaintiffs "can prove no set of facts in support of [their] claim which would entitle

---

[1] Defendants suggest that plaintiffs' second proposed amendment is futile because it does not correct the pleading deficiencies of the original or first amended complaints. (Defs.' Opp'n to Pls.' Second Mot. for Leave to Amend Pleading [15] at 1-2.) To address defendants' futility argument, the Court must necessarily evaluate the Second Amended Complaint to determine whether it states a claim against defendants. Under the circumstances, it does not make sense to deny plaintiffs' proposed amendment on grounds of futility. If the allegations in the Second Amended Complaint are deficient, as defendants suggest, the Court will simply dismiss the Second Amended Complaint, along with the original and First Amended Complaint, for failure to state a claim.

7

[them] to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

### B. Fulton County School District's Motion to Dismiss

To prevail on their § 1983 claim against the School District, plaintiffs must demonstrate that defendants violated plaintiffs' constitutional rights "pursuant to a custom or policy" of the district. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1307 (11th Cir. 2001)(explaining that there is no *respondeat superior* liability under § 1983) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 663 (1978)). The School District argues that plaintiffs cannot meet the custom or policy requirement, and that plaintiffs' claims against the district should therefore be dismissed. (Def. School District's Mots. to Dismiss [5], [12] at 5.)

Plaintiffs can meet the custom or policy requirement by showing that their constitutional violations resulted from: 1) an express policy of the district; 2) a well-settled and pervasive custom or practice of the district; or 3) the actions of an official with final policymaking authority for the district. *Denno v. Sch. Bd. of Volusia County*, 218 F.3d 1267, 1276 (11th Cir. 2000); *Cuesta v. Sch. Bd. of Miami-Dade County*, 285 F.3d 962, 966 (11th Cir. 2002). Plaintiffs' allegations do not support recovery on the basis of an express policy. Although plaintiffs cite a number of express policies in their Amended Complaint, they concede that all of these

policies are "facially neutral" and "constitutional." (Am. Compl. [8] at ¶ 48-62.) The gist of plaintiffs' allegations is that school officials *breached* various express policies designed to protect students' constitutional rights. (*Id.*) Assuming that is true, the School District is not liable for its employees' breach of admittedly constitutional express policies. See *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988)(noting that a municipality's "policies, rather than the subordinate's departures from them, are the act of the municipality").

Neither do plaintiffs' allegations authorize recovery on the basis of a custom or practice of the School District. In order to prevail on this theory, plaintiffs must demonstrate that defendants' actions were consistent with a custom or practice that "is so well-settled and pervasive that it assumes the force of law." *Denno,* 218 F.3d at 1277. Plaintiffs do not claim that defendants had a practice of treating students in the same manner in which they treated Mark. On the contrary, plaintiffs suggest that defendants singled Mark out and treated him in an arbitrary manner. (*See* Compl. [1] at Ex. 7 and Am. Compl. [8] at ¶¶ 64-70.) Such "'isolated incidents are insufficient to establish a [policy or] custom.'" *Id.* (quoting *Church v. City of Huntsville,* 30 F.3d 1332, 1345 (11th Cir.1994))

It may be possible, however, for plaintiffs to recover against the School District on a "final policymaker" theory. School

9

districts may, and often do, delegate to principals and other school administrators final policymaking authority with regard to short-term suspensions. *See Smith v. Greene County Sch. Dist.*, 100 F.Supp. 2d 1354, 1361 (M.D. Ga. 2000)(finding that a principal had final policy-making authority with respect to suspensions of less than ten days). The administrators in this case, particularly Principal Tesch and Area Superintendent Denmark, clearly exercised broad discretion with respect to Mark's investigation and suspension. (Compl. [1] at Exs. 4 and 14.) Whether any of the administrators acted as "final policymakers" for purposes of § 1983 depends on: 1) whether their discretionary decisions were constrained by policies not of their own making; and 2) whether their decision to uphold Mark's suspension was subject to review by the School District's authorized policymakers. *Praprotnik*, 485 U.S. at 127. The pleadings do not provide sufficient information to make this determination.

On summary judgment, when the record is better developed, the Court will consider whether Tesch, Denmark, or any other named defendant acted as a final policymaker with respect to the types of disciplinary decisions at issue in this case. As plaintiffs may ultimately be able to recover from the School District on a final policymaker theory, the district's motion to dismiss plaintiffs' claims is **DENIED**.

10

### C. Individual Defendants' Motion to Dismiss

#### 1. Official Capacity Claims

Plaintiffs seek to hold each named defendant personally liable under § 1983 in his individual and official capacity. (Second Am. Compl. [14] at ¶¶ 71-78.) The Eleventh Circuit has held that "when an officer is sued . . . in his or her official capacity, the suit is simply 'another way of pleading an action against' . . . the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Consequently, it would be redundant to allow plaintiffs to sue both the School District and its officers in their official capacity. *Id.* The individual defendants' motions to dismiss plaintiffs' claims against them in their official capacity is therefore **GRANTED**.

#### 2. Individual Capacity Claims

In order to hold defendants individually liable under § 1983, plaintiffs must establish that defendants: 1) deprived them of a constitutional right, 2) under color of state law. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995). Defendants do not dispute that they were acting under color of state law when they disciplined Mark Roy. (*See* Defs.' Mots. to Dismiss [7] and [12].) Defendants argue, however, that plaintiffs' allegations do not establish a constitutional deprivation. (*Id.* at 8-14.) With the

11

exception of plaintiffs' Equal Protection claim, the Court agrees with defendants.

### a. Unreasonable Search and Seizure

Plaintiffs claim that defendant Groves violated Mark's Fourth Amendment rights when she searched Mark's locker without his permission. (Second Am. Compl. [14] at ¶¶ 34, 62.) The Fourth Amendment requires that any search and seizure be "reasonable." *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985). In the school setting, a search is reasonable if it is justified by "reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." *Id.* at 342.

Applying the rule announced in *T.L.O.*, the Eleventh Circuit has held that there are reasonable grounds for a search when school officials receive a direct tip that a student is in possession of contraband. *C.B. v. Driscoll*, 82 F.3d 383, 388 (11th Cir. 1996). As the Court explained in *C.B.*, a direct tip is "likely to be reliable because the student informant face[s] the possibility of disciplinary repercussions if the information [i]s misleading." *Id.* Consequently, a direct tip from a student informant generally supplies sufficient grounds to justify a search. *Id. See also, Marner v. Eufala City Sch. Bd.*, 204 F.Supp. 2d 1318, 1325 (M.D. Ala. 2002)(upholding the search of a student's vehicle after a drug-

12

sniffing dog alerted to the vehicle).

Under the reasoning of *T.L.O.* and *C.B.*, plaintiffs' Fourth Amendment claim is not viable. Plaintiffs allege that Groves searched Mark's locker after receiving a direct tip from J.B., a fellow student who was allegedly involved in the theft, that Mark had stolen an MP3 player out of another student's locker. (Compl. [1] at ¶ 20; Am. Compl. [8] at ¶ 19.) J.B.'s tip, which was self-incriminating, and thus even more likely to be reliable than the tip in *C.B.*, supplied reasonable grounds for searching Mark's locker. *T.L.O.*, 469 U.S. at 342; *C.B.*, 82 F.3d at 388. Accordingly, defendants' motion to dismiss plaintiffs' Fourth Amendment claim for unreasonable search and seizure is **GRANTED**.

### b. Procedural Due Process

Plaintiffs also argue that defendants violated Mark's Fourteenth Amendment rights by suspending him without adequate notice or hearing. (Compl. [1] at ¶ 50; Second Am. Compl. [14] at ¶ 72.) The Fourteenth Amendment prohibits the deprivation of property without due process. *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975). Students who are entitled to a free public education under state law have a property interest in attending school. *Id.* School suspension decisions therefore implicate the procedural protections of the Fourteenth Amendment, and must be attended by due process. *Id.*

13

As the Eleventh Circuit clarified in *C.B.*, however, the process that is due when a student is suspended for less than ten days is "extremely limited." *C.B.*, 82 F.3d at 386. Specifically, the procedure "need consist only of 'oral or written notice of the charges against [the student] and, if [the student] denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Id.* (quoting *Goss*, 419 U.S. at 582). "[O]nce school administrators tell a student what they heard or saw, ask why they heard or saw it, and allow a brief response, a student has received all the process that the Fourteenth Amendment demands." *Id.*

It is apparent from plaintiffs' allegations that defendants complied with the requirements of the Fourteenth Amendment in this case. After receiving a report that Mark was involved in the theft and attempted sale of an MP3 player, school officials, including Vice Principal Groves and Resource Officers Forbes and McColley, questioned Mark about the incident. (Compl. [1] at Exs. 3-4.) During the questioning, school officials informed Mark of the accusations against him, including J.B.'s allegation that Mark had stolen an MP3 player from a locker. (*Id.*) After explaining the evidence and allegations against Mark, the investigators took Mark's written statement, thus obtaining his side of the story. (*Id.*; Second Am. Compl. [14] at Ex. A.)

14

The procedure plaintiffs describe in their Complaint satisfies the requirements of the Fourteenth Amendment. Accordingly, defendants' motion to dismiss plaintiffs' due process claim is **GRANTED**.

### c. Equal Protection

Finally, plaintiffs assert a claim under the Equal Protection Clause. (Second Am. Compl. [14] at ¶¶ 74, 78.) Specifically, plaintiffs claim that defendants violated Mark's constitutional right to equal protection by: 1) treating Mark, who is black, differently from a white student who was also allegedly involved in the MP3 theft; and 2) applying the "zero tolerance" policy to black students, but not to white students. (Second Am. Compl. [14] at ¶ 34; Am. Compl. [8] at ¶ 19-20, 69, 73.) These allegations are sufficient to state a claim for violation of Mark's right to equal protection of the law. *See Campbell v. Rainbow City*, 434 F.3d 1306, 1313 (11th Cir. 2006)("The Equal Protection Clause requires government entities to treat similarly situated people alike."). Accordingly, defendants' motion to dismiss plaintiffs' equal protection claim is **DENIED**.

Defendants move alternatively for a more definite statement of plaintiffs' equal protection claim. Pursuant to Federal Rule 12(e), defendants are entitled to a more definite statement of a claim that is "so vague or ambiguous that [defendants] cannot reasonably be

required to frame a responsive pleading." FED. R. CIV. P. 12(e).

Plaintiffs' Complaint is not a model of clarity. Nevertheless, the basis of plaintiffs' equal protection claim is not exceedingly vague or ambiguous, and the allegations supporting the claim are sufficiently detailed to permit a response. *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) ("Rule 8(a) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'") and *Parker v. Brush Wellman, Inc.*, 377 F.Supp. 2d 1290, 1294 (N.D. Ga. 2005)(Story, J.)("a plaintiff should include in his pleading some brief factual description of the circumstances surrounding the acts or omissions upon which he bases his claim for relief"). Accordingly, defendants' motion for a more definite statement is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant Fulton County School District's Motion to Dismiss for Failure to State a Claim [5], **GRANTS in part** and **DENIES in part** the Individual School District Defendants' Motion to Dismiss for Failure to State a Claim and for More Definite Statement [7], **GRANTS** plaintiffs' First Motion to Amend Complaint [8], **DENIES** defendant Fulton County School District's Motion to Dismiss Amended Complaint [11], **GRANTS in part** and **DENIES in part** the Individual School District Defendants' Motion

16

to Dismiss Amended Complaint [12], **GRANTS** defendants' Motion for Leave to File Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend [13], and **GRANTS** plaintiffs' Second Motion to Amend Complaint [14].

SO ORDERED, this 6 day of March, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)