IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK HENRY ROY, a Minor, by his
Father and Next Friend, SONY
ROY, and SONY ROY,
Individually,

        Plaintiffs,

v.

FULTON COUNTY SCHOOL DISTRICT,
VICKI DENMARK, RONALD C. TESCH,
JERI GROVES, NATALIE S. FORBES,
LARRY MCCOLLEY,

        Defendants.

CIVIL ACTION NO.
1:06-CV-0886-JEC

## O R D E R  &  O P I N I O N

This case is presently before the Court on defendant Fulton County School District's Motion to Dismiss Second Amended Complaint [20] and Individual School District Defendants' Motion to Dismiss Second Amended Complaint [21]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant Fulton County School District's Motion to Dismiss Second Amended Complaint [20] should be **GRANTED** and Individual School District Defendants' Motion to Dismiss Second Amended Complaint [21] should be **GRANTED**.

AO 72A
(Rev.8/82)

## BACKGROUND

This case involves defendants' investigation and suspension of plaintiff Mark Roy from Milton High School, in the Fulton County School District, in November of 2005. (Second Am. Compl. [19].) On November 3, 2005, school officials received a report that Mark, a 10th grade student, had stolen an MP3 player from another student's locker and attempted to sell it. (*Id.* at ¶¶ 22, 32.) Defendant Groves, the Assistant Principal of Milton High School, and defendants Forbes and McColley, the school's resource officers, investigated the report. (*Id.* at ¶¶ 23, 31.) According to the allegations in plaintiffs' Complaint, the investigation included interviewing other students, discussing the allegations with Mark and taking his written statement, and searching Mark's locker. (*Id.* at ¶¶ 34-35.)

The first person the investigators questioned about the stolen MP3 player was another student who was allegedly involved in the theft. (*Id.* at ¶ 32.) This student, who plaintiffs describe in their Second Amended Complaint as "J.B., a white male," told investigators that he and Mark stole the MP3 player together after going from locker to locker. (*Id.* at ¶ 32.) J.B. said that Mark then sold the MP3 player to another student for $40.00. (*Id.*)

After speaking with J.B., the investigators questioned Mark about the theft. (*Id.* at ¶ 36 and Ex. 3.) When Mark denied the allegations, defendant Groves decided to search his locker. (Second

2

Am. Compl. at ¶ 34.) Her search revealed a dead cell phone that did not appear to belong to Mark. (*Id.*) Defendant Groves and the other investigators concluded that the cell phone had been stolen from North Western Middle School. (*Id.* at 28.)

Following the locker search, the investigators questioned Mark a second time about the stolen MP3 player. (Ex. 3 [4].) At some point during their questioning, the investigators obtained Mark's written statement. (Second Am. Compl. [14] at Ex. A.) Mark admitted in his statement that, on the preceding day, a friend had given him an MP3 player and told him to sell it. (*Id.*) He further admitted that he had attempted to sell the MP3 player to another friend for $40.00. (*Id.*) He claimed, however, that he did not steal the MP3 player, and did not know that it was stolen. (*Id.*)

Based on the above information, the investigators concluded that Mark had violated a provision in the school's disciplinary code prohibiting theft of private property. (Ex. 1 [4].) Defendant Groves called plaintiff Sony Roy, Mark's father, and informed him about the MP3 incident. (Second Am. Compl. [19] at ¶ 22.) Mr. Roy came to the school that afternoon and had a lengthy discussion with the investigators. (*Id.* [19] at ¶¶ 22-39.) At the end of their discussion, Groves informed Mr. Roy that she had decided to suspend Mark for eight days. (*Id.* at ¶ 39.) The next day, Groves sent Mr. Roy a letter confirming her decision. (*Id.* at ¶ 42 and Ex. 1.)

After discussing the incident with his son, Mr. Roy became convinced that Mark had been falsely accused of stealing the MP3 player. (Second Am. Compl. [19] at ¶ 46 and Exs. 3,7.) He notified defendant Tesch, the Principal of Milton High School, that he wished to appeal the suspension. (Second Am. Compl. [19] at ¶ 43 and Ex. 2.) He also complained about the suspension to defendant Denmark, Area Superintendent for the Fulton County School District. (Second Am. Compl. [19] at ¶ 55 and Ex. 13.) Tesch sent Mr. Roy a letter explaining that, based on his review, the investigation was properly conducted and the penalty was appropriate. (Second Am. Compl. at ¶ 45 and Ex. 4.) Denmark similarly responded that the school had "carefully and fairly investigated the incident" and that "a decision was made to suspend Mark based on the evidence and the school system's discipline code." (Second Am. Compl. at ¶ 56 and Ex. 14.)

Plaintiffs subsequently filed this action against the Fulton County School District, and all of the individuals involved in investigating and suspending Mark. (Compl. [1].) In their Complaint, plaintiffs alleged that defendants' investigation and decision to suspend Mark violated his constitutional rights. (*Id.* at ¶¶ 47-63.) Plaintiffs asserted claims against the School District, and the individual defendants involved in the incident, under 42 U.S.C. § 1983. (*Id.*)

The School District and the individual defendants filed motions

4

to dismiss plaintiffs' Complaint for failure to state a claim. (Def. Fulton County's Mots. to Dismiss [5], [11]; Individual Defs.' Mots. to Dismiss [7], [12].) In response, plaintiffs submitted two proposed Amended Complaints in an attempt to correct any pleading deficiencies. (First Am. Compl. [8]; Second Am. Compl. [14].) In an order dated March 6, 2007, the Court granted plaintiff's motion to file a second amended complaint, denied the School District's motion to dismiss, and granted in part and denied in part the individual defendants' motion to dismiss. (Order of March 6, 2007 [17].)

Plaintiffs subsequently filed their Second Amended Complaint, again alleging that the School District and the individual defendants violated 42 U.S.C. § 1983, and also alleging violations of 42 U.S.C. § 1985(c) and seeking a declaratory judgment. (Second Am. Compl. [19].) The School Board and the individual defendants have again filed motions to dismiss for failure to state a claim. (Def. Fulton County's Mot. to Dismiss Second Am. Compl. [20]; Individual Defs.' Mot. to Dismiss Second Am. Compl. [21].) Defendants' motions to dismiss are currently before the Court.

## DISCUSSION

### I. Standard for Dismissal Under Rule 12(b)(6)

Defendants have moved for dismissal pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Defs.' Mots. to Dismiss Second Am. Compl. [20], [21].) In

AO 72A
(Rev.8/82)

ruling on defendants' motions, the Court must assume plaintiffs' allegations are true, and construe all facts and inferences in the manner most favorable to plaintiffs. *Scott v. Taylor,* 405 F.3d 1251, 1253 (11th Cir. 2005). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 127 U.S. 1955, 1969 (2007).

## II. Plaintiffs' Fourth Amendment and Due Process Claims

In the March 6, 2007 Order, the Court dismissed several of plaintiffs' claims and granted plaintiffs leave to amend their complaint. (Order of March 6, 2007 [17].) Plaintiffs have since filed the Second Amended Complaint. (Second Am. Compl. [19].) In Counts 1, 2, 4, 6, and 8 of the Second Amended Complaint, plaintiffs allege violations of the Fourth Amendment and the Due Process Clause. (Second Am. Compl. [19] at ¶¶ 61-64, 67-68, 71-72, 75-76.) In its previous Order, the Court held that "the procedure plaintiffs describe in their Complaint satisfies the requirements of the Fourteenth Amendment" and therefore dismissed plaintiffs' due process claims. (Order of March 6, 2007 [17] at 15.) Likewise, the Court dismissed plaintiffs' Fourth Amendment claim for unreasonable search and seizure. (*Id.* at 13.)

Counts 1, 2, 4, 6, and 8 of the Second Amended Complaint amount to a restating of the claims that the Court dismissed in its Order of

6

March 6, 2007.[1]  The Court's dismissal was not the result of insufficiency in the pleadings; rather, plaintiffs' allegations are not consistent with claims of violations of the Fourth Amendment or Due Process Clause.  See *Bell Atlantic Corp.*, 127 U.S. at 1969.  Accordingly, defendants' motion to dismiss plaintiffs' Fourth Amendment and Due Process claims (Counts 1, 2, 4, 6 and 8) are **GRANTED**.

### III. Plaintiffs' Equal Protection Claims

Counts 3, 5, 7, and 9 of the Second Amended Complaint allege violations of the Equal Protection Clause.  To state a claim for violation of the Equal Protection Clause, plaintiffs must allege (1) that they were treated differently from other, similarly situated individuals, and (2) that "defendants unequally applied [school policy] for the purpose of discriminating against [plaintiffs]." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998).

#### A.  Plaintiff Sony Roy's Equal Protection Claims

Counts 7 and 9 of the Second Amended Complaint allege violations of the Equal Protection Clause with respect to both plaintiff Mark

---

[1] As plaintiffs noted in their responses to defendants' motions to dismiss, "where an appellant's contentions are stale and have long been settled, sanctions may be imposed, including double costs and attorney fees." (Pls.' Resp. to Fulton County School District's Pre-Answer Mot. to Dismiss Second Am. Original Compl. and Br. in Supp. [23].)

Roy and his father, Plaintiff Sony Roy. (Second Am. Compl. [19] at ¶¶ 73-74, 77-78.) Count 5 alleges a violation of plaintiff "Sony Roy's clearly established right . . .against violation of the equal protection of the laws in the exercise of his right to have his son receive a basic quality education." (*Id.* at ¶ 70.)[2] Nowhere in the complaint, however, do plaintiffs make any allegations as to how other parents were treated by the school system or the individual defendants. Because plaintiffs have made no claims as to how other parents were treated, they cannot prevail on their claim that plaintiff Sony Roy was treated differently than others similarly situated. Therefore, defendants' motions to dismiss plaintiff Sony Roy's Equal Protection Claims is **GRANTED**.

### B. Plaintiff Mark Roy's Equal Protection Claims

In addition to allegations of equal rights violations in Counts 7 and 9, plaintiff Mark Roy in Count 3 alleges a violation of his right to equal protection in his education. (Second Am. Compl. [19] at ¶¶ 65-66.) Although plaintiffs in Count 3 "adopt, reallege, and incorporate by reference" everything included in the preceding paragraphs of the complaint, they do not specifically identify how

---

[2] Although not the basis for the Court's ruling, it is notable that the Court has found no case support for the notion that a parent has a "clearly established right" to have their children publically educated. Rather, "*minors* have a property interest in public education." *Town of Castle Rock, Colo. v. Gonzales* 545 U.S. 748, 791 n. 20 (2005)(emphasis added).

8

plaintiff Mark Roy was treated differently from someone similarly situated. (*See* Second Am. Compl. [19].) The Complaint does, however, mention "J.B., a white male," the other student involved in the alleged theft. (*Id.* at ¶¶ 32, 34.) It also, in a manner, indicates that the white student was treated differently than plaintiff Mark Roy, in that the defendants concluded that "J.B., the white student, told the truth and Mark, the black student, was a liar." (*Id.* at ¶ 34.)

Plaintiff Mark Roy's equal protection claim is deficient, however, in that there is no allegation that J.B. and Mark are similarly situated. In fact, in the Second Amended Complaint plaintiffs admit that the two students were *not* similarly situated: that is, while J.B. admitted to stealing the MP3 player, Mark denied knowing the player was stolen. (*Id.* at ¶¶ 33-34.) Also, "many students told [the defendants] that [Mark Roy] had offered them Ipods before," but no such allegations were made against J.B.. (*Id.* at ¶ 35.) Finally, plaintiff Mark Roy was also in possession of a stolen cell phone, and there is no allegation that J.B. possessed additional stolen property. (*Id.* at ¶ 28.)[3] Because plaintiffs have pled facts that show that Mark Roy and J.B., the only other student mentioned in

---

[3] The Court notes that while plaintiffs question how the defendants knew the cell phone was stolen, plaintiffs never actually deny that it was. (Second Am. Compl. [17] at ¶ 29.)

9

the complaint, were not similarly situated, defendants' motions to dismiss plaintiff Mark Roy's Equal Protection Clause claims are **GRANTED**.

IV. **Plaintiffs' Requests for Declaratory Judgment**

In Counts 10, 11, and 12 of the Second Amended Complaint, plaintiffs request the Court grant them a declaratory judgment. However, the Eleventh Circuit has noted that "the operation of the Declaratory Judgment Act is procedural only." *Cmty. State Bank v. Strong*, 485 F.3d 597, 607 (11th Cir. 2007)(quoting *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003)). Thus, the Act does not itself grant subject matter jurisdiction to federal courts. *Id.* at 608. Rather, federal question jurisdiction only exists under the Act when the facts pled "demonstrate that the defendant could file a coercive action arising under federal law." *Id.* Here, the facts alleged do not give rise to questions of federal law. Because no federal question exists and the Act itself does not impart subject matter jurisdiction upon this Court, defendants' motions to dismiss plaintiffs' requests for declaratory judgment are **GRANTED**.[4]

---

[4] Additionally, the Court notes that the Declaratory Judgment Act exists not for plaintiffs to request declarations that their rights have already been violated, but instead rather for potential defendants in future civil actions to have their rights declared, without waiting for the potential plaintiffs to file suit. *See Cmty. State Bank v. Strong*, 485 F.3d 597, 607-08 (11th Cir. 2007)

10

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant Fulton County School District's Motion to Dismiss Second Amended Complaint [20] and **GRANTS** the Individual School District Defendants' Motion to Dismiss Second Amended Complaint [21].

SO ORDERED, this __6__ day of ~~July~~ August, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

11